Filed 6/9/22  P. v. Cross CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C093210 |
| Plaintiff and Respondent, | (Super. Ct. No. PR000237) |
| v. | |
| CHARLES THOMAS CROSS, | |
| Defendant and Appellant. | |

Defendant Charles Thomas Cross appeals from the trial court's denial of his request to recall his sentence and resentence him pursuant to former Penal Code[1] section 1170, subdivision (d)(1) (section 1170(d)(1)).  He argues the trial court abused its discretion in denying said request.  He also argues the case should be remanded due to the recent enactment of Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719) (Assembly Bill 1540).  The Attorney General concedes defendant is entitled to

---

[1]  Unspecified statutory references are to the Penal Code.

reversal and a resentencing hearing consistent with the provisions of Assembly Bill 1540. We accept the Attorney General's concession and shall reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The substantive facts underlying defendant's conviction are not necessary to our resolution of this case on appeal and are summarily recounted here. The victim returned to his house to find two men ransacking his home. He confronted the men and hit one of them with a baseball bat. The person the victim hit fired two shots at the victim as the victim ran away. Defendant was apprehended at a local motel. He admitted he was " 'partly guilty' " of the burglary, but claimed he did not know his accomplice had a gun.[2]

A jury convicted defendant of first degree burglary (§ 459) and found true an enhancement that a principal was armed with a firearm (§ 12022, subd. (a)(1)). The trial court also found prior conviction allegations pursuant to section 667, subdivisions (a)(1) and (b), true. The trial court sentenced defendant to a term of 25 years to life for the burglary conviction plus three consecutive five-year terms for the prior conviction allegations. After an appeal and remand, defendant's sentence was reduced to a term of 11 years plus 25 years to life.

In December 2019, the Secretary of California's Department of Corrections and Rehabilitation (Secretary) sent the El Dorado County Superior Court a letter pursuant to former section 1170(d)(1), recommending the trial court consider recalling defendant's sentence and conviction, and consider exercising its discretion to strike the prior serious felony convictions or their punishment, pursuant to section 1385.

---

[2] In its briefing opposing resentencing, the prosecution argued defendant fired at the victim. This is neither confirmed, nor denied, by the probation report.

After receiving the letter, the trial court appointed counsel to represent defendant. It received briefs from both parties and held a hearing to hear arguments but declined to provide defendant with an evidentiary hearing where witnesses could be called. The trial court stated it reviewed and considered defendant's brief and all of his exhibits (which totaled over 300 pages). After reviewing defendant's prior history on the record, the trial court stated, defendant "does well in prison, but when he's released he doesn't do well." The trial court concluded defendant would "present a danger to the community and potentially to the victims if the defendant were released from custody" and declined to resentence defendant.

## DISCUSSION

While this appeal was pending, the Governor signed Assembly Bill 1540 (2021-2022 Reg. Sess.), which, effective January 1, 2022, moves the resentencing and recall provisions of former section 1170(d)(1) to new section 1170.03 and augments those provisions. (Stats. 2021, ch. 719, §§ 1-7.) Significantly, section 1170.03, subdivision (b)(2) requires that if a resentencing request is from the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1170.03, subd. (b)(2).) The Attorney General correctly concedes this matter should be remanded to allow the trial court to reconsider the request in light of this amendment.

Initially, we note, in its findings and declarations, the Legislature explicitly indicated its intent these resentencing proceedings "apply ameliorative laws passed by this body that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Stats. 2021, ch. 719, § 1, subd. (i); *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 788 ["when the Secretary recommends recall and resentencing under section 1170(d)(1), trial courts have the authority to resentence defendants at any time based on an ameliorative change in the law giving courts

3

discretion to strike or dismiss enhancements under section 1385, subdivision (a), even after the defendant's judgment is final and even when the original sentence was the product of a plea agreement"].)

As relevant here, section 1170.03 provides a defendant has a statutory right to be present at the recall hearing (§ 1170.03, subd. (a)(8)); clarifies and expands the factors the trial court may consider in its initial decision to recall a sentence (*id*., subd. (a)(4)); and as indicated above, if a resentencing request is from the Secretary, creates a presumption favoring recall and resentencing of the defendant, which may only be overcome if the trial court finds the defendant is an unreasonable risk of danger to public safety (*id*., subd. (b)(2)). Here, the trial court did not have the benefit of the new statutory requirements when it held its hearing. Specifically, the trial court did not consider the factors identified in section 1170.03 in light of the presumption favoring recall and resentencing.

Because the judgment on the Secretary's recall and resentencing recommendation is not final and section 1170.03 took effect January 1, 2022, we remand the matter to the trial court for further proceedings. (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 471-472.) We decline defendant's invitation to declare that the trial court abused its discretion in light of the Attorney General's concession this case must be remanded due to the new statute. We further express no opinion on the merits of the Secretary's resentencing recommendation.

## DISPOSITION

The November 4, 2020 order declining to recall defendant's sentence is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
MAURO, Acting P. J.

_____/s/_____
DUARTE, J.